JEFFERSON.
September, 1817.

Hazzard
v.
Nottingham.

---

## HAZZARD vs. NOTTINGHAM.

In an action of debt, on a foreign judgment, of which the exemplification is duly authenticated, no advantage can be taken of irregularity in the form, or of error apparent on the face of it.

An action of debt may be sustained on an erroneous judgment.

Sameness of name, is *prima facie* evidence of sameness of person.

DEBT, on judgment.

PLEA—*Nil debet*, and issue.

WRIGHT, for the plaintiff, read in evidence the following exemplification of a judgment, viz.

"D. In. | Thomas Hazzard
123. | vs. } In Com. Pleas, Nov. appearances 1785.
| Jonathan Nottingham,

"Debt without writ. The defendant appears and confesses judgment as above, for the sum of forty-four pounds, with legal costs of suit, and release of all errors, &c. with stay of execution until the first day of July next—Judgment entered Jan. 9th, 1786—fi. fa. to August." Then followed a fi. fa. et lev. fa. dated July 3d, 1786, on which the sheriff returned, "levied on lands, as per inquisition, which are not of a clear yearly value sufficient, &c. to satisfy debt, &c. in seven years." &c. Next followed a venditioni exponas, issued August 17th, 1786, on which the sheriff returned "Not sold for want of buyers;" to which was annexed a certificate, by Francis Brown, prothonotary, that it was a copy of the record in the above case; and the certificate of James Booth, chief justice of the, common pleas, that Brown was prothonotary of the court, and that his attestation was in due form and

last, a certificate of the Secretary of the state of Delaware under the great seal of the state, that James Booth was chief justice of the Common Pleas of the state of Delaware.

JEFFERSON.
September, 1817.

Hazzard
*v.*
Nottingham.

To which GOODENOW, for the defendant, demurred; wherefore a verdict was taken for the plaintiff, subject to the opinion of the court on the demurrer to evidence.

PRESIDENT.—Several objections have been urged against the sufficiency of the evidence, which amount to this; that the exemplification is neither, in form or substance, the record of a judgment, it is certainly a much abbreviated record, if it is to be received as one; seeming to be a rather copy from the prothonotary's minute book, than a copy from the records of a judgment of a court; and if we were trying the validity of the judgment on a writ of error, we might be compelled to reverse it; but an action may be sustained on an erroneous judgment, and the question is not, whether the copy of a judgment from Delaware is such an one as our laws and usages recognize as a judicial record, but whether it is a properly authenticated copy of a judgment of that state. It is certified by the proper officer, to be a copy of the record in the case, and the authentication is admitted to be such as the law requires. Certified to us as a copy of a record of another state, according to the act of congress we are bound to receive it as such, whether we approve of the manner in which records are made up in Delaware or not, and to give full faith and credit to it.

But it is strongly urged, in support of this demurrer, that admitting the evidence to be sufficient proof that one Jonathan Nottingham did, in the court of Common Pleas of Sussex county, Delaware, confess a judgment to the plaintiff; still, there is no evidence that the defendant was the person who confessed such judgment. To this it may be answered, that the defendant, being of the same name, is *prima facie* evidence of his being the same person; and on a demurrer to evidence, such sameness of name is a sufficient identification of the person. Judgment for the plaintiff on the verdict.